IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


EL NUEVO DIA, INC.                        *
                                          *
        Plaintiff                         *
                                          *  CIVIL NO. 98-1546 (GG)
            v.                            *
                                          *
UNITED STEELWORKERS OF AMERICA,           *
AFL-CIO/CLC                               *
                                          *
        Defendant                         *
* * * * * * * * * * * * * * * * * * *

**OPINION AND ORDER**

Pending before us is the plaintiff-employer, El Nuevo Día, Inc.'s ("Nuevo Día"), petition to remand the present case to the Court of First Instance of the Commonwealth of Puerto Rico. **See**, Docket entries #5 and 13. The defendant-union, United Steelworkers of America, AFL-CIO/CLC ("USWA"), opposes. **See**, Docket entries #10 and 18.


**BACKROUND**


This case arises from the Nuevo Día's petition to vacate an arbitration award granted by the Bureau of Conciliation and Arbitration of the Department of Labor and Human Resources of the Commonwealth of Puerto Rico ("Bureau") in favor of Mr. José Laracuente, who was represented by the USWA. Mr. Laracuente is a District Manager in the Circulation Department of the Nuevo Día. He was charged with abandonment of work for failure to present evidence for an unauthorized absence. Even though he was afforded

CIVIL CASE NO. 98-1546 (GG)                                              2

an opportunity to submit justification for said absence, Mr. Laracuente failed to provide it. Consequently, he was suspended from work and pay for an indefinite period. On December 5, 1996, Mr. Laracuente was terminated from his employment.

Following the arbitration procedure established in the Collective Bargaining Agreement ("CBA") signed between the Nuevo Día and USWA, the grievance was submitted to the Bureau. The arbitrator found that Mr. Laracuente's dismissal was unjustified and modified the sanction of termination to a ninety (90) day suspension. The Nuevo Día filed a revision to vacate the arbitrator's award before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, Case No. KAC 98-0425 ("state court").

On May 18, 1998, USWA removed the case to this court asserting that we posses jurisdiction under Section 301 of the Labor and Management Relations Act, commonly known as the Taft-Hartley Act ("LMRA"). **See**, 29 U.S.C. §185. The Nuevo Día filed a petition to remand the case to the state court alleging that the federal court lacks subject matter jurisdiction to review the arbitration award. It's argument is based in that: (1) both parties, by choosing the Bureau as the arbitrator of the disputes arising from violations of the CBA, waived the right to use the federal courts as a forum to review any arbitration award; (2) the Bureau, as an agency of the Commonwealth of Puerto Rico and an indispensable party in this type of cases, is protected under the Eleventh Amendment of the Constitution of the United States; and (3) federal district courts can only exercise original and not appellate jurisdiction.

CIVIL CASE NO. 98-1546 (GG)                                              3

The USWA opposes arguing that since the Nuevo Día's petition to vacate the arbitration award is dependent on the analysis of the CBA, this action is pre-empted by Section 301[1] of the LMRA and can be removed under 28 U.S.C. §1441(a)[2] and (b)[3] because Section 301 confers us original jurisdiction.

**ORIGINAL AND APPELLATE JURISDICTION OF FEDERAL DISTRICT COURTS**

The Nuevo Dia states that the federal district courts are

---

[1] Section 301(a) establishes that:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

[2] This section provides, in its pertinent part, that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in the State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3] This section provides, in its pertinent part, that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

CIVIL CASE NO. 98-1546 (GG)                                           4

courts of original jurisdiction, that is, they only have jurisdiction to consider cases in its original stage, or when the case filed is instituted as a *de novo* proceeding.  It argues that an arbitration award cannot be reviewed *de novo*, but only in limited circumstances.  Hence, for a federal district court to grant the removal of a petition to vacate an arbitration award, it would be acting without jurisdiction since it would be acting as an appellate court and not on the court's original jurisdiction, as required by 28 U.S.C. §1441.

According to Section 301 of the LMRA, federal courts posses jurisdiction to attend suits for violations of contracts between an employer and a labor organization representing employees. **See,** 29 U.S.C. §185. Clearly, Section 301 creates an independent basis of jurisdiction by vesting federal courts with the power to hear and determine, without respect to the amount in controversy or without regard to citizenship of the parties, cases which fall within its ambits. **See**, Textile Workers Union v. Lincoln Mills, 353 U.S. 448 (1957).  In other terms, if the suit is based on Section 301, the district court has original jurisdiction.  Consequently, under 28 U.S.C. §1441(a), the court also possesses removal jurisdiction. **See**, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Notwithstanding the above, the crux of this case remains whether *vel non* a petition to vacate an arbitration award can be brought under the pallium of Section 301. There is ample case law in which federal courts have relied on jurisdiction pursuant to Section 301 to confirm or vacate an arbitration award. **See**, *e.g.*, Major League Baseball Players Assoc. v. Garvey, 532 U.S. 504, 509,

CIVIL CASE NO. 98-1546 (GG)                                            5

121 S.Ct. 1724, 149 L.Ed.2d 740 (2001) ("The parties do not dispute that this case arises under §301 of the [LMRA], as the controversy involves an assertion of rights under an agreement between an employer and a labor organization."); United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) (applying Section 301 in determining whether an arbitration award should be vacated); Posadas de Puerto Rico Associates, Inc. v. Asociacion de Empleados de Casino de Puerto Rico, 873 F.2d 479, (petition to vacate award under Section 301). Kraft Foods, Inc. v. Office and Professional Employees Intern. Union, AFL-CIO, CLC, Local 1295, 203 F.3d 98 (1st Cir. 2000) (petition to vacate award under Section 301 claiming that the remedy exceeded the arbitrator's authority); JCI Communications, Inc. v. International Broth. of Elec. Workers, Local 103, 324 F.3d 42 (1st Cir. 2003); Local 802. Assoc. Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 88 (2nd Cir. 1998) ("Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."); Burns International Security Services, Inc. v. United Plant Guard Workers of America and its Local 537, 47 F.3d 14, 16 (2nd Cir. 1995) ("Section 301 of the [LMRA], 29 U.S.C. § 185, provides subject matter jurisdiction for an action to vacate an arbitration award."); Kallen v. Dist. 1199, Nat'l Union of Hosp. and Health Care Employees, 574 F.2d 723, 725 (2nd Cir. 1978) ("Since federal courts indisputably have jurisdiction under Section 301 to enforce a labor arbitration award, General Drivers, Warehouseman & Helpers, Local Union No. 89 v. Riss & Co., 372 U.S. 517, 519, 83 S.Ct. 789,

CIVIL CASE NO. 98-1546 (GG)                                          6

9 L.Ed.2d 918 (1963), we agree with the district court that suits
to vacate awards are cognizable under the same statute."); <u>Kane Gas
Light & Heating Co. v. International Brotherhood of Firemen &
Oilers Local 112</u>, 687 F.2d 673, 677 n.6 (3rd Cir. 1982); <u>Ludwig
Honold Mfg. Co. v. Fletcher</u>, 405 F.2d 1123, 1125 n.1 (3rd Cir.
1969); <u>Davis v. Ohio Barge Line, Inc.</u>, 697 F.2d 549 (C.A.Pa.,
1983); <u>Jamaica Buses, Inc. v. Transport Workers' Union, Local 100,
No. 02 Civ. 2533</u>, 2003 WL 1621026 (E.D.N.Y. Mar.26, 2003); <u>New York
City Saks, LLC v. Local 1102 Retail, Wholesale, Department Store
Union</u>, 2004 WL 35437 (S.D.N.Y. Jan 07, 2004); <u>Mistletoe Express
Service v. Motor Expressmen's Union</u>, 443 F.Supp. 1, 3 (W.D.Okl.
1975), <i>aff'd</i>, 566 F.2d 692 (10th Cir. 1977); <u>Celmer v. Luden's,
Inc.</u>, 427 F.Supp. 991, 992 (E.D.Pa. 1977); <u>Proctor & Gamble
Manufacturing Co. v. Independent Oil & Chemical Workers</u>, 386
F.Supp. 213, 215-16 (D.Md. 1974); <u>Underwood Corp. v. Local 267,
International Union of Electrical, Radio & Machine Workers,</u> 171
F.Supp. 102 (D.Conn. 1957).

    Moreover, in <u>Unión de Tronquistas v. Flagship</u>, <i>infra</i>, a case
removed from the Superior Court of the Commonwealth of Puerto Rico,
San Juan Part, where the Union sought a declaration that the
arbitration award was void, the U.S. Court of Appeals for the First
Circuit stated that:

> "[i]n suits of this nature original
> jurisdiction is vested in the district courts
> by Section 301 of the Labor Management
> Relations Act of 1947, 29 U.S.C. s 185, and
> the removal was accordingly proper. <u>Avco Corp.
> v. Aero Lodge 735</u>, 390 U.S. 557, 88 S.Ct.
> 1235, 20 L.Ed.2d 126 (1968)."

**See**, <u>Unión De Tronquistas De Puerto Rico, Local 901 v. Flagship</u>

CIVIL CASE NO. 98-1546 (GG)                                             7

Hotel Corp., 554 F.2d 8, 9 n.1 (1st Cir. 1977).

     In view of the above, we find that an action to vacate an
arbitration award entered pursuant to a collective bargaining
agreement, where it is alleged that the award failed to draw its
essence from the collective bargaining agreement or that the
arbitrator exceeded his powers thereunder, is proper under Section
301. If the parties had agreed to the binding nature of an
arbitration award under a collective bargaining agreement, actions
to vacate such awards as well as actions to enforce them may be
brought in federal court under Section 301. **See**, Kallen v. Dist.
1199, Nat'l Union of Hosp. and Health Care Employees, 574 F.2d 723,
725 (2nd Cir.1978) ("Since federal courts indisputably have
jurisdiction under Section 301 to enforce a labor arbitration
award, General Drivers, Warehouseman & Helpers, Local Union No. 89
v. Riss & Co., 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed.2d 918
(1963), suits to vacate awards are cognizable under the same
statute."); Harry Hoffman Printing, Inc. v. Graphic Communications,
Int'l Union, Local, 261, 912 F.2d 608, 612 (2nd Cir. 1990).

     It is undisputed in this case that, according to the express
language of the CBA between the Nuevo Día and USWA, the
arbitrator's decisions will be pursuant to law, he/she has no
authority to alter, amend or modify any terms of the CBA or any
other agreement between the Union and the Company, his/her
authority is limited to the interpretation of, and the decision on
the correct application of the terms of the CBA and his/her award
will be final and binding between the parties. **See**, Article XVI
(D) of the CBA, Notice of Removal, docket entry #1. Based on the

CIVIL CASE NO. 98-1546 (GG)                                                    8

above, we find that the Nuevo Día's petition to vacate the award
because the arbitrator acted without jurisdiction by exceeding his
authority and issued and award contrary to the law, can be brought
under Section 301. Therefore, we find that we posses original
subject matter jurisdiction to evaluate the dispute between the
Nuevo Día and the USWA.


**WAIVER TO USE THE FEDERAL COURTS AS A FORUM TO REVIEW THE ARBITRATION AWARD**

     It is uncontested that if a conflict between the Nuevo Día and
USWA was not resolved in a satisfactory matter after following the
internal grievance procedure established in the CBA, USWA could
submit the issue to arbitrage before the Bureau. **See**, Exhibit #1,
Article XVI (G) of the CBA, pp. 27-29, Notice of Removal, docket
entry #1. However, merely providing that the parties would use
arbitrators of the Bureau cannot be held, without more, as a waiver
by USWA to the right conferred under Section 301 of the LMRA to
have a federal court review the decision of the arbiter.  On the
contrary, in order to demonstrate a waiver, a party must show that
there has been a knowing relinquishment of a right. The Nuevo Día
has failed to accomplish this.  Hence, we find that the USWA has
not waived its right to be before this court.


**THE ELEVENTH AMENDMENT PROTECTION**

     The Nuevo Día claims that the Bureau is an indispensable party
without whose presence we cannot dispose of this action.  In

CIVIL CASE NO. 98-1546 (GG)                                                      9

support of this theory, the Nuevo Día relies on the fact that the Rules Applicable to Writs of Review of Administrative Decisions Before the Superior Court of the Commonwealth of Puerto Rico require that the Bureau, as any other administrative agency, be included as a defendant and served with all documents. As an inevitable complement to this argument the plaintiff argues that, being the Bureau a state created agency under the Department of Labor and Human Resources created and organized by state law to carry out cuasi-judicial services and directed by public officers appointed by the Puerto Rico's Secretary of Labor and ran with public funds, it should be considered part of the state. Being part of the state it is protected by the Eleventh Amendment immunity from suit in federal courts[4] and since it is an indispensable party, we cannot assume jurisdiction in this case. Though at first blush this proposition may seem plausible, such viability rapidly dissipates.

The Bureau was created to "intervene and mediate, for the purpose of keeping industrial peace, in such disputes, conflicts or controversies, connected to the application of labor laws, as may arise between laborers and employers." **See**, Law No. 15 of April 14, 1931, 3 L.P.R.A. §320. Accordingly, the Bureau functions as an impartial adjudicator aiding in resolving conflicts between employers and unions. Based on this reality, the Supreme Court of the Commonwealth of Puerto Rico has clearly established that the

---

[4] Under the Eleventh Amendment, a state or an arm of the state is normally immune from suits by citizens in federal court. **See**, Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

CIVIL CASE NO. 98-1546 (GG)                                          10

Bureau is not a party in labor disputes nor in the revision of the
arbitration awards that it issues.  **See**, <u>Hospital del Maestro v.</u>
<u>Unión Nacional de Trabajadores de la Salud</u>, 2000 T.S.P.R. 130;
<u>Corp. Créd. Des. Com. Agrícola v. U.G.T.</u>, 138 D.P.R. 41 (1995).

       Clearly then, the Bureau is not an indispensable party
because, simply, it is not a party in the proceedings for revision
of it's awards. *Ergo*, when a decision awarded by an arbitrator is
challenged, the parties that will be involved in the review will be
the same as the ones involved in the original arbitration hearing
at the Bureau.  In this situation, the Nuevo Día and the USWA were
the original parties involved in the arbitrage, hence, they will be
the ones embodying the challenge in the judicial courts.  Though
the heading of the case will still mention from which
"administrative agency" the challenged decision ensued and it must
be notified of the filing of the petition for review[5], said
"agency" is not a party in the dispute. *Id.*

       Since the Bureau is not considered a party in the quarrel, the
Eleventh Amendment immunity is inapplicable in this case.

_____

[5] First, we take note that the Rules Applicable to Writs of Review
of Administrative Decisions Before the Superior Court are no longer
in use due to the transfer of said jurisdiction to the
Commonwealth's Court of Appeals.  **See,** Rules and Regulations for
the Circuit Court of Appeals for the Commonwealth of Puerto Rico,
4 L.P.R.A. App. XXII-A.   Still the applicable rules remain, in
essence, the same and require that notice be given to the agency
that issued the decision being revised and that it's name be
included, with that of the parties in interest, in the heading of
the petition. **See**, Rules 58 & 59, *supra*, which correlate with Rule
5 of the Rules Applicable to Writs of Review of Administrative
Decisions Before the Superior Court, 4 L.P.R.A. Ap. VIII-B,
[suppressed].

CIVIL CASE NO. 98-1546 (GG)                                              11

        The plaintiff also contends that USWA's failure to request and
obtain the consent of the Bureau renders the removal of this action
invalid pursuant to 28 U.S.C. §1446(a).  **See**, Doe v. Kerwood, 969
F.2d 165, 167-169 (5th Cir. 1992).  This argument is unfounded,
because 28 U.S.C. §1446 only requires a written notice to all
adverse parties and to the clerk of the state court where the case
has been removed.  **See**, 28 U.S.C. §1446(b) and (d).  Moreover, it
stems from the Notice of Removal that it was filed within thirty
(30) days of receiving the Petition for Review of the arbitration
award and it was notified to all the parties and the state court as
well as to the Bureau.  **See,** Notice of Removal, docket entry #1.

        In sum, we conclude that there is federal original
jurisdiction over this action and the removal was proper.

        **WHEREFORE**, for the reasons herein stated, the Nuevo Día's
petition to remand to state court is **DENIED**. Accordingly, USWA must
file it's opposition to the Nuevo Día's petition to vacate the
arbitration award by **April 30, 2004.**

            **SO ORDERED.**

        In San Juan, Puerto Rico, this 23rd day of March, 2004.


                                    S/Gilberto Gierbolini

                                    GILBERTO GIERBOLINI
                                    U.S. DISTRICT JUDGE