```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

```
EL NUEVO DIA, INC.,                *
                                   *
     Plaintiff                     *
                                   *
vs.                                *      CIVIL NO. 98-1546 (JP)
                                   *
UNITED STEEL WORKERS OF AMERICA,   *
                                   *
     Defendant                     *
                                   *
```

**OPINION AND ORDER**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

The Court has before it "USWA's Motion for Summary Judgment" (**docket No. 21**), which asks the Court to enforce a labor arbitration agreement in its favor. Plaintiff never opposed Defendant's motion.

Defendant United Steelworkers ("USWA") represented Mr. Laracuente, a district manager in El Nuevo Día's circulation department, during an arbitration hearing between El Nuevo Día and USWA. Mr. Laracuente had been charged with abandonment of work for failure to present evidence for an unauthorized absence. Even though he had been afforded an opportunity to justify his absence, he did not. As a result, El Nuevo Día suspended Plaintiff from work and pay for an indefinite period and fired him on December 5, 1996.

Following the arbitration procedure established in the Collective Bargaining Agreement ("CBA") between El Nuevo Día and USWA, the grievance was submitted to the Bureau of Conciliation and Arbitration of the Department of Labor and Human Resources of the Commonwealth of Puerto Rico ("Bureau").  The arbitrator found that

CIVIL NO. 98-1546 (JP)            2

Mr. Laracuente's dismissal was unjustified and modified the sanction of termination to a ninety (90) day suspension.

El Nuevo Día moved to vacate the arbitrator's award before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, Case No. KAC 98-0425 ("state court").  On May 18, 1998, however, USWA removed the case to this court under Section 301 of the Labor and Management Relations Act, commonly known as the Taft-Hartley Act ("LMRA").

Judge Gilberto Gierbolini denied El Nuevo Día's motion to remand to state court, retired, and the case was randomly reassigned to Judge Jaime Pieras, Jr.

**II. ANALYSIS**

It is well-settled law that judicial review of arbitral awards is "extremely narrow and exceedingly deferential." Keebler Company v. Truck Driver's Local 170, 247 F. 3d 8, 10 (1st Cir. 2001); see also Maine Cent. R.R. v. Bhd. Of Maintenance of Way Employees, 873 F. 2d 425, 428 (1st Cir. 1989) ("Judicial review of an arbitration award is among the narrowest known in the law.").

A court must enforce an arbitration award "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." Dorado Beach Hotel Corp. v. Unión de Trabajadores de la Industria Gastronómica de Puerto Rico Local 610 of Hotel Employees and Restaurant Employees Intern. Union AFL-CIO, 959 F.2d 2, 4 (1st Cir. 1992) (citation, quotation marks and alterations omitted).  Indeed, a district court must enforce an arbitrator's award if it "draw[s] its essence from the contract" and does not "simply reflect the arbitrator's own notions of industrial justice." Id.  Similarly, "a court may vacate an arbitral award only

CIVIL NO. 98-1546 (JP)              3

in rare circumstances, such as when there was misconduct by the arbitrator, when the arbitrator exceeded the scope of her authority, or when the award was made in manifest disregard of the law." JCI Communications, Inc. v. International Broth. of Elec. Workers, Local 103, 324 F.3d 42, 48 (1st Cir. 2003).

**III. CONCLUSION**

Because no evidence exists that the arbitrator engaged in misconduct, or that he exceeded the scope of his authority, or that his award was in manifest disregard of the law, the Court hereby **GRANTS** Defendant's "USWA's Motion for Summary Judgment" (**docket No. 21**) and **ENTERS JUDGMENT, DISMISSING WITH PREJUDICE** Plaintiff's "Petition for Review of Arbitration Award" (see docket No. 1) without costs or attorney fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of August, 2004.

                                              S/ Jaime Pieras, Jr.
                                              JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE